UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| JLAN PROPERTIES, LLC, | : | Chapter 11 |
| | : | Case No.: 5:18-bk-04205 |
| Debtor-In-Possession | : | |

_____

**JLAN PROPERTIES, LLC**
**SECOND AMENDED PLAN OF REORGANIZATION, DATED MARCH, 29, 2019**
_____

**ARTICLE I**
**SUMMARY**

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of JLAN Properties, LLC (the "Debtor") from its operating income all of such creditors' Allowed Claims.

This Plan provides for six (6) classes of claims: the Allowed Secured Claim of ESSA Bank & Trust, the Allowed Secured Claim of NBT Bank, the Allowed Secured Claim of the Luzerne County Tax Claim Bureau, if any, Allowed Priority Unsecured Claims, Allowed General Unsecured Claims and Equity Security Holders.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

**Background**

The Debtor owns four improved pieces of real estate: (A) 26 Bohac Street, Swoyersville, PA; (B) 309 Slope Street, Hanover Township, PA; (C) 82 East Newport Street, Hanover Township, PA; and (D) 10-12 East Germania Street, Hanover Township, PA.

The Debtor intends on retaining the 26 Bohac Street and 10-12 East Germania Street properties. It will sell both the 309 Slope Street property and the 82 East Newport Street property and apply the net sales proceeds as provided below.

The Debtor has two mortgage debts and two small general unsecured debts owed to the Internal Revenue Service and WVSA, respectively, and no other secured or unsecured debts.

NBT Bank, NA holds first position mortgage liens on the 309 Slope Street property. The Debtor will sell this property and pay the net sales proceed (net of typical closing costs) to NBT Bank, NA in satisfaction of its claim. The Debtor will cure and maintain the claim of ESSA Bank & Trust.

The Debtor will sell the 82 East Newport Street property and distribute the net sales proceeds to the balance owed, if any, on Allowed Administrative Claims followed by payment to the then balances owed on Allowed General Unsecured Claims.

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01 Class 1. The Allowed Secured Claim of ESSA Bank & Trust.

2.02 Class 2. The Allowed Secured claim of NBT Bank.

2.03 Class 3. The Allowed Secured claim of the Luzerne County Tax Claim Bureau.

2.04 Class 4. All Allowed Claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2).

2.05 Class 5. The Allowed Claims of general unsecured creditors

2.06 Class 6. Equity interests of the Debtor.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
## U.S. TRUSTEE'S FEES, AND PRIORITY TAX CLAIMS

3.1 Unclassified Claims. Under section § 1123(a)(1), administrative expense claims are not classified.

3.2 Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid together with accrued interest and penalties on the Effective date of the Plan or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.3 Priority Unsecured Claims. It is believed that there are no priority unsecured claims in this case. Nevertheless, if Allowed Priority Unsecured Claims exist each will be paid in full together with interest as provided in Article IV.

3.4 United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the

Effective Date of this Plan will be paid on the Effective Date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – Secured Claim of ESSA Bank & Trust | Unimpaired | ESSA Bank & Trust holds a first position mortgage lien on the 26 Bohac Street property with a balance as reflected on its proof of claim of $36,296.18 and a pre-petition arrearage of $15,678.08.<br><br>The Debtor shall pay to ESSA Bank & Trust with respect to its claim a monthly payment of $922.24 to maintain its monthly obligation under the terms of the underlying promissory note. To cure the arrearage owed to ESSA Bank & Trust as set forth in its proof of claim, the Debtor shall pay to ESSA Bank & Trust the additional sum of $186.64 in equal consecutive monthly installments until the sum of $15,678.08 is paid in full without the accrual of interest thereon. All other terms of the promissory note shall remain in full force and effect.<br><br>Nothing herein, nor the confirmation of the Debtor's Chapter 11 Plan, shall preclude the Debtor from objecting to the claims of ESSA Bank & Trust. |
| Class 2 - Secured Claim of NBT Bank | Unimpaired | NBT Bank, NA holds first position mortgage liens on the 309 Slope Street property. The Debtor will surrender that property to NBT Bank, NA in satisfaction of its claim.<br><br>Nothing herein, nor the confirmation of the Debtor's Chapter 11 Plan, shall preclude the Debtor from objecting to the claims of NBT Bank, NA. |

| | | |
|---|---|---|
| Class 3 - Secured Claim of Luzerne County Tax Claim Bureau | Unimpaired | The Debtor shall pay in full the pre-petition Allowed Secured Claims owed to the Luzerne County Tax Claim Bureau (excluding claims owed with respect to 309 Slope Street, Hanover Township, PA, together with statutory interest in consecutive equal monthly installments over a period of 60 months commencing no greater than 30 days following the Effective Date at the statutory rate of interest. |
| Class 4 - Priority Unsecured Claims | Unimpaired | The Debtor shall pay in full all Allowed Priority Unsecured Claims together with statutory interest in consecutive equal monthly installments over a period of 60 months commencing as of the date that the Debtor's bankruptcy petition was filed or unless otherwise agreed to by the claimant and the Debtors or as agreed upon by the parties. |
| Class 5 - General Unsecured Creditors | Unimpaired | General unsecured creditors, if any, shall be paid 100% of their Allowed Claims in equal monthly installments over a period of 60 months commencing no greater than 30 days following the Effective Date. |
| Class 6 - Equity Security Holders of the Debtor | Unimpaired | The Debtor will continue operating in the ordinary course of business. Upon the confirmation of this Plan, the Debtor's assets will revest in the Debtor. The existing equity will remain in place. Equity holders shall retain their interests. |

# ARTICLE V
# ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.1 <u>Disputed Claim</u>.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.2 <u>Delay of Distribution on a Disputed Claim</u>.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.3     Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.1     Assumed Executory Contracts and Unexpired Leases.

(a)     The Debtor assumes the following executory contract and/or unexpired leases effective upon the Effective Date of this Plan as provided in Article VII :

All residential leases.

(b)     The Debtor will be conclusively deemed to have rejected all other executory contracts and/or unexpired leases not expressly assumed under section 6.1(a) above, or before the date of the order confirming this Plan, upon the Effective Date of this Plan.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

The Debtor will fund its obligations under this Plan from its operating income, including, but not limited to, rental payments received from, or funds paid directly to creditors by, an affiliates of the Debtor, LAT Realty, LLC and Teberio Properties, LLC.

## ARTICLE VIII
## GENERAL
## PROVISIONS

8.1     Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.2     Effective Date of Plan. The effective date of this Plan is the first business day following the date that is thirty (30) days after the entry of the order of confirmation.  If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.3     Severability.   If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.4     Binding Effect.   The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.5     Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.6     Controlling Effect.   Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the Commonwealth of Pennsylvania govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.7     Corporate Governance.  The Debtor shall amend its corporate documents on or before the Effective Date to be compliant with 11 USC §1123(a)(6) as necessary.

8.8     Setoff and Recoupment.  The Debtor hereby grants, and all taxing agencies shall retain, all rights of set off in recoupment under state or Federal law.

8.9     Obligation to File Tax Returns and Pay Taxes.  The debtor agrees to remain current with the filing of all post-petitions/post-confirmation tax returns and the payment of all post-petition/post-confirmation taxes.

8.10   Obligation To Pay Fees And File Reports.  The reorganized Debtor shall be responsible for timely payment of fees incurred pursuant to 28 U.S.C. §1930(a)(6).  After confirmation and within thirty (30) days after the end of each calendar quarter, the reorganized Debtor shall file with the court and serve on the United States Trustee a quarterly financial report for each calendar quarter or portion thereof during which the case remains open, in a format prescribed by the United States Trustee and provided to the debtor by the United States Trustee.

# ARTICLE IX
# DISCHARGE

9.01.   Discharge.  On the confirmation date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

9.02.   Final Decree.  Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent, or such other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case. Alternatively, the Court may enter such a final decree on its own motion.

Respectfully submitted,

JLAN PROPERTIES, LLC

March 29, 2019

By: /s/ David J. Harris, Esquire
Counsel to the Plan Proponent